Richardson, Oh. J.,
delivered the opinion of the court:
The Act of June 11, 1874, chapter 275, section 1 (Supp. Rev. Stat., 33), makes the following provisions:
*329 “ The following consulates shall be divided into seven classes, to be known, respectively, as classes one, two, three, four, five, six, and seven, and the consuls at such consulates shall be entitled to compensation for their services per annum at the rates respectively specified herein, to wit:
“ Class one, four thousand dollars.
“ Class two, three thousand five hundred dollars.
“ Class three, three thousand dollars.
“ Class four, two thousand five hundred dollars.
“ Class five, two thousand dollars.
“ Class six, one thousand five hundred dollars.
“ Class seven, one thousand dollars.
“Class Y.
“Great Britain. — Leeds, Southampton, Dundee, Leith, Cork, Dublin, Toronto, Hamilton, Coaticook, Halifax, Saint John’s (New Brunswick), Kingston (Jamaica), Nassau (New Providence), Tur Vs Islands, Cardiff, Port Louis (Mauritius).”
By said act, and by the appropriation act for the next succeeding year ending June 30, 1876 (Act of February 18 1875, 18 Stat. L., 322), an appropriation was made accordingly for the salary at Turk’s Island.
For the next five years the salary of a consul at Turk’s Island was omitted from the appropriation acts (19 Stat. L,, 171,234; 20 Stat. L., 93, 269 ; 21 Stat. L., 269), and no consul was appointed for that place.
The act making appropriations for the year ending June 30, 1882 (21 Stat. L., 339, 343), included the consulate at Turk’s Island in Class YIX, and appropriated the salary of $1,000 a year for each consul of that class in the following language:
“ Class YII. — At one thousand dollars per annum.
“Great Britain. — GaspeeBasin; Windsor, (NovaScotia); Bombay; Sierre Leone; TurVs Island.”
Every appropriation act for succeeding years has done the same. (23 Stat. L., 233, 328; 24 Stat. L., 114, 484.)
During the five years that Congress omitted to appropriate for the salary of a consulate at Turk’s Island the office was discontinued by the Executive, leaving the same vacant. When Congress subsequently made appropriations for such an office and placed the consulate in class seven instead of class five, it clearly made an alteration of the act of 1874 in the classification of the numerous consulates. To that consulate so classified the claimant was appointed by the Executive. His *330 appointment was evidently made with reference to and in consequence of this new legislation. (Byer’s Case, 22 Ct. Cls. R., 59.)
The appropriation of $1,000 a year while the claimant held the office, instead of being an insufficient appropriation, was the full amount to which he was entitled, even under the act of 1874, as the salary of a consul of the class to which by law he belonged, and the amount has been paid.
The complaiant has no cause of action and his petition is dismissed.
Nott, J., was not present when the case was decided.